UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | SA-18-CR-436-XR |
| ) | |
| GLENN RAY MCGARITY ) | |
| ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On April 1, 2019, the Court held a bench trial in the above-captioned cause. Defendant **GLENN RAY MCGARITY** was present and represented by counsel. Prior to the bench trial the Defendant indicated that he understood his rights and knowingly waived his right to trial by jury.

After hearing the evidence, the Court has determined that Defendant is guilty beyond a reasonable doubt of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 472 (possessing counterfeit obligations). In accordance with Federal Rule of Criminal Procedure 23(c), the Court enters these Findings of Fact and Conclusions of Law with respect to the Defendant.

The Defendant was charged in an indictment with violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 472 (possessing counterfeit obligations). The indictment alleges that on or about May 25, 2018, the Defendant was in possession of a 5.56 mm pistol and a 9 mm pistol, both of which had been shipped or transported in interstate and/or foreign commerce and that the Defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year. The indictment further alleged that on or about May

1

25, 2018, the Defendant was in possession of forged or counterfeited Federal Reserve Notes, which the Defendant knew to be falsely made, forged, counterfeited and/or altered.

The Court makes the following findings of fact:

1. Prior to May 25, 2018, the Defendant was being sought by the Lone Star Fugitive Task Force for various arrest warrants. In addition, he was suspected of being involved in a homicide.[1]
2. On May 25, 2018, the Defendant drove to a residence located on Pebble Breeze, existed the vehicle and entered that residence.[2] After the Defendant exited the residence and headed to his vehicle, he was intercepted and arrested.
3. Law enforcement officers peeked into the windows of the Jeep Cherokee and saw a large amount of money in the front seat console, a long rifle on the on the passenger side floorboard, and what appeared to be narcotics in the back-seat area, behind the driver seat.
4. At some point the doors to the Jeep Cherokee were opened. The evidence technician took various photographs of the vehicle's exterior and interior.
5. The vehicle was later impounded and towed to the pound. The Defendant was taken to a police station, where he was interviewed by Det. Mark Morales. The Defendant was given his *Miranda* warnings and admitted that he had been sleeping inside the vehicle for a couple of days and was the driver of the vehicle.[3]
6. Later that evening, Det. Morales prepared an affidavit for a search warrant seeking a search of the vehicle.[4]

---

[1] Gov't Ex. 2. See also February 12, 2019 hearing on Defendant's motion to suppress at p.2.
[2] February 12, 2019 hearing on Defendant's motion to suppress at p.4.
[3] February 12, 2019 hearing on Defendant's motion to suppress at p.20.
[4] Gov't Ex. 3.

7. Two of the weapons found in the Defendant's vehicle (a Keltac 5.56 semi-automatic pistol and a 9 mm Beretta) were firearms as defined in 18 U.S.C. § 921 and were manufactured outside the state of Texas.[5]

8. Inside the Defendant's vehicle law enforcement officers found 151 counterfeit federal reserve notes. The counterfeit notes lacked color shifting ink, watermarks and security threads found in genuine Federal Reserve Notes.[6]

9. On August 11, 2005, the Defendant was convicted of aggravated kidnapping and sentenced to ten years of imprisonment.[7] On that date he also received a second sentence for aggravated assault and given a two-year imprisonment sentence.[8]

## Conclusions of Law

The Indictment charges Defendant with violating 18 U.S.C. § 922(g)(1), which makes it a crime make it a crime for a convicted felon to knowingly possess a firearm. The government must prove each of the following beyond a reasonable doubt:

First: That the defendant knowingly possessed a firearm as charged;

Second: That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

---

[5] Gov't Ex. 5.
[6] Gov't Ex. 6.
[7] Gov't Ex. 9.
[8] Gov't Ex. 10.

Third: That the firearm possessed traveled in interstate or foreign commerce; that is, before the defendant possessed the firearm it had traveled at some time from one state to another or between any part of the United States and any other country.

The Government has proven beyond a reasonable doubt that Defendant was the driver of the vehicle that the weapons were found in, the weapons were in plain sight, and that the Defendant had been sleeping in the vehicle for several days prior to the arrest. Further, the Government has proven beyond a reasonable doubt that the Keltac and Beretta firearms were knowingly possessed by the Defendant; that before the defendant possessed the firearms, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and that the firearms traveled in interstate or foreign commerce.

Regarding 18 United States Code Section 472, this statute makes it a crime for anyone to possess counterfeit United States money with intent to defraud. The government must prove each of the following beyond a reasonable doubt:

First: That the defendant possessed counterfeit money;

Second: That the defendant knew at the time that the money was counterfeit; and

Third: That the defendant possessed the counterfeit money with intent to defraud, that is, intending to cheat someone by making that person think the money was real.

As stated above, the Defendant was the driver of the vehicle and had been sleeping inside the vehicle for several days prior to his arrest. The Government has established beyond a reasonable doubt that the Defendant possessed counterfeit federal reserve notes, he knew on the

date of his arrest that the money was counterfeit, and given the amount of fake notes, the Defendant possessed the counterfeit notes with the intent to defraud others.

    SIGNED this 1st day of April, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE